991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EXXON CORPORATION, Plaintiff-Appellee,
v.
Azad AMIRI, Defendant-Appellant.
EXXON CORPORATION, Plaintiff-Appellee,
v.
Siroos SAIFI, Defendant-Appellant.
 Nos. 92-15987, 92-16006.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Azad Amiri (No. 92-15987) and Siroos Saifi (No. 92-16006) (collectively "appellants") appeal the district court's orders (1) granting partial summary judgment for Exxon Corporation ("Exxon") on Exxon's claim seeking termination of Saifi's franchise under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801(1)-06 ("PMPA"); and (2) issuing a writ of possession and directing the eviction of Saifi from his former service station. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 The district court's partial summary judgment is not a final order and, therefore, is not appealable under 28 U.S.C. § 1291.[1] See International Ass'n of Machinists & Aerospace Workers v. Aloha Airlines, Inc., 776 F.2d 812, 814 (9th Cir.1985). Moreover, the district court denied Saifi's motion to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
 
 
 4
 Appellants contend the district court's partial summary judgment and order of eviction are appealable under 28 U.S.C. § 1292(a)(1) because those orders are injunctive in nature and fact. This contention lacks merit.
 
 
 5
 In Carson v. American Brands, Inc., 450 U.S. 79 (1981), the Supreme Court set forth a three-part test for determining whether an interlocutory order is appealable under section 1292(a)(1). See id. at 83-84; EEOC v. Pan American World Airways, Inc., 796 F.2d 314, 316 (9th Cir.1986) (per curiam), cert. denied, 479 U.S. 1030 (1987) ("Pan American "). The interlocutory order must (1) have the practical effect of granting or denying an injunction; (2) have serious, perhaps irreparable, consequences; and (3) be effectively challenged only by immediate appeal. Carson, 450 U.S. at 83-84; Pan American, 796 F.2d at 316.
 
 
 6
 "Injunctions are 'orders that are directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a preliminary fashion.' " Thompson v. Enomoto, 815 F.2d 1323, 1326 (9th Cir.1987). Here, the district court's order granting Exxon a writ of possession and expressly directing the eviction of appellants from the service station premises appears to be sufficiently injunctive in nature that we should treat it as an injunction for purposes of section 1292(a)(1). See id. We also conclude, however, that the order referred to above did not have the practical effect of granting or denying an injunction because it was entered pursuant to the terms of the court's previous orders. Cf. id. at 1327 (order appointing special master pursuant to terms of previously entered consent decree does not amount to modification of consent decree, and, therefore, "does not have the practical effect of the grant or denial of an injunction").[2]
 
 
 7
 In Carson, the Supreme Court admonished that § 1292(a)(1) "was intended to carve out only a limited exception to the final-judgment rule." 450 U.S. at 84. This limited exception is not applicable here.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Amiri's and Saifi's requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to alleging a cause of action under PMPA, Exxon alleged causes of action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051-1127, California common law and statutory unfair competition, breach of contract, violation of state storage and labeling laws, and unlawful detainer. In its motion for summary judgment, Exxon sought adjudication of its PMPA, trademark infringement, and state and federal unfair competition claims. The district court only considered Exxon's PMPA claim, ruling that Exxon properly terminated Saifi's franchise and that Exxon was entitled to possession of the service station premises. The court expressly deferred ruling on the issue of damages and Exxon's other causes of action
 
 
 [2]
 Furthermore, appellants have not offered any evidence to show that they will suffer "serious, perhaps irreparable, consequences" or that they can effectively challenge the district court's orders only by an immediate appeal. See Carson, 450 U.S. at 83-84; Pan American, 796 F.2d at 316